WALTER STERNBERG

*v.*

ROSE WOLF, executrix.

[Decided February 19th, 1917.]

An executrix, upon whose judgment a legacy was to be paid when specified conditions were fulfilled, is not disqualified from determining the fulfillment of these conditions because she has dissipated the fund; such a power is in the nature of a trust, and the exercise of it will be enforced by a court of equity; the legatee takes not from the bounty of the executrix, but as legatee under the will.

On bill and answer.

*Mr. Otto Stiefel,* for the complainant.

*Mr. Adrian Riker,* for the defendant.

STEVENS, V. C.

The testator after giving a legacy of $2,000 to his son Isaac, conditioned upon his arriving at the age of twenty-one years, provided as follows:

"*Fifth.* If my said son Isaac W. Stern shall grow up to be a good and useful man, free from evil habits and associations, it is my wish that he

4

shall receive the further sum of $2,000 out of my estate, to be paid to him, without interest, when he arrives at the age of twenty-six years. This payment, however, is to be entirely within the discretion of my wife, Rosa Stern, who shall decide whether my son has been entitled to said payment or not. Should such payment not be made to my said son for any reason, or should my said son die before arriving at the age of twenty-six years, the said last-named sum of $2,000 shall also be paid to my wife, Rosa Stern, for her own use."

Testator gave the residue of his estate to his wife. He made his wife and brother-in-law, David Wolf, his executors. The estate that came into their hands was ample to satisfy both of the legacies given to Isaac, but the two executors lost it in a venture of their own. Mrs. Stern (now Sternberg) is insolvent. The estate of David Wolf is good. I have already held that it is responsible to the extent of at least $5,000 for the assets wasted.

Mrs. Sternberg, Walter's mother, has, in a formal paper, executed after Walter came of age, certified that he has grown up to be a good and useful man, free from evil habits and associations. It is admitted that the certificate conforms to the fact.

The question is whether payment of the $2,000 can be enforced against the estate of David Wolf.

I doubt whether this can be called a case of precatory trust. *Eberhardt* v. *Perolin, 48 N. J. Eq. 592.* The estate is not given to Mrs. Stern *in the first instance,* and she desired or recommended to give thereout a certain sum of money. The gift is to the son, who is to have it if he fulfills two conditions. He must reach the age of twenty-six, and he must grow up to be a good and useful man. His mother is made the judge. If she finds that he fulfills the conditions, he takes not from the bounty of his mother but as the legatee of his father.

The argument is that Mrs. Stern is disqualified from acting because she has dissipated the fund. I think she had a power in the nature of a trust, and if she became disqualified, the power would not have failed but would have devolved upon the court. Says Lewin in his work on *Trusts* *600:

"There are not only a mere trust and a mere power but there is also known to this court a power which the party by (to ?) whom it is

given is entrusted and required to execute; and with regard to that species of power the court considers it as partaking so much of the nature and qualities of a trust, that if the person who has the duty imposed upon him does not discharge it, the court will to a certain extent discharge the duty in his room and place."

In the case in hand the duty is so manifestly a judicial one that the court would have no difficulty in exercising it.

But I doubt if the mother be disqualified. She did her son a wrong when she wasted the money. Must she be required by this court to do him another? Must the court say to her, I will not regard your certificate because you are not in possession of the fund? The cases hold that the power of consenting to an advancement is not extinguished by bankruptcy. *In re Cooper, 27 Ch. Div. 565; Alexander* v. *Mills, L. R. 6 C. A. 124.* If this afford a legitimate analogy, then the fact that the mother no longer holds the fund is no reason why she should not exercise what seems to be an independent and separable power.

The question having been passed upon by the person to whom the power to pass upon it was committed, the son became, for all purposes, his father's unconditional legatee, entitled to pursue his remedy in precisely the same way as any other legatee might.